NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN FRANCISCO PEREZ-RAMIREZ;
J.D.P.C.,

No. 24-7611

Agency Nos.
A215-823-068
A215-823-069

Petitioners,

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2025**
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Juan Francisco Perez-Ramirez and his minor son, natives and citizens of

Guatemala, petition for review of a Board of Immigration Appeals (BIA) order that

dismissed an appeal from an Immigration Judge's (IJ) denial of their application

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's legal conclusions de novo and its factual findings for substantial evidence.  *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc).  Under the deferential substantial evidence standard, the BIA's determinations are upheld unless the evidence compels a contrary conclusion from that adopted by the BIA.  *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1.  The IJ found that petitioners were unable to establish that the Guatemalan government was unable or unwilling to protect them from persecution by private parties.  The IJ further found that petitioners failed to demonstrate that they could not safely relocate within Guatemala to avoid future harm.  In their brief before the BIA, petitioners failed to challenge these two findings, leading the BIA to conclude that any challenge to these findings was waived.  In their opening brief before this court, petitioners do not challenge the BIA's waiver determination.  In fact, the word "waiver" is not mentioned once in petitioners' opening brief, much less distinctly addressed.

For these reasons, two procedural bars preclude us from reviewing petitioners' asylum and withholding of removal claims.  First, petitioners failed to

exhaust their claims by not challenging the IJ's two determinations before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).  Second, petitioners forfeited the same challenges by failing to raise them in their opening brief before this court.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

Because petitioners forfeited and failed to exhaust any challenge to the dispositive finding by the IJ that their government was not unable or unwilling to protect them from persecution by private parties, they do not qualify for asylum or withholding of removal.  *See Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013).

2.  Absent "individualized evidence to compel the conclusion that there was a greater than fifty-percent chance that [Perez-Ramirez] himself would be tortured upon removal to" Guatemala, we deny the CAT claim.  *Singh v. Bondi*, 130 F.4th 1142, 1156 (9th Cir. 2025).  Here, petitioners failed to present the agency or this court with any such individualized evidence, instead only reiterating generalized grievances regarding the Guatemalan government's failure to combat crime and violence.  But since we have held that "a general ineffectiveness on the government's part to investigate and prevent crime" is insufficient to establish government acquiescence to torture, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), petitioners fail to establish that, upon removal, it is more likely

than not they will be tortured with the consent or acquiescence of the Guatemalan government.

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED**.